**MERREN v. GAUTIER et al. (FERTITTA et al., Interveners).**

**No. 4756.**

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Ponder & Ponder and Pickett & Moore, all of Many, for appellant.

Fraser & Carroll and Boone & Boone, all of Many, and S. I. Foster, of Leesville, for appellees.

DREW, Judge.

This case is before us on a motion to dismiss the appeal. The motion is based upon the following grounds:

(a) The appellant, W. W. Shaw, alleges an indebtedness due to him by O. A. Gautier by virtue of having been employed upon an oil well.

(b) That said appellant, in contest with R. S. Fertitta over the proceeds of the sale of certain oil well equipment, was cast in the lower court by a judgment dismissing his suit.

(c) That from said judgment W. W. Shaw has devolutively appealed to this honorable court.

(d) That the said appellant, having obtained said order of appeal by petition and citation, has cited R. S. Fertitta to answer this appeal; but he has not made his alleged debtor, O. A. Gautier, a party to this appeal.

(e) Therefore your mover, R. S. Fertitta represents that the appellant has no standing in court to contest his rights to the proceeds of the property seized in this matter, until he has first obtained a judgment against the common debtor, O. A. Gautier.

The lower court, in a written opinion, has correctly stated the pleadings and facts in the case as follows:

"The plaintiff Merren had obtained a judgment against the defendant, Oscar A. Gautier, in the above numbered and entitled cause. The plaintiff had caused to be issued a writ of fi. fa. under his judgment and the sheriff of Sabine Parish had seized the property belonging to the defendant and advertised the same for sale to pay and satisfy the judgment, writ and all cost in said suit. There was seized certain property belonging to the defendant which the various third persons claim a privilege upon. W. W. Shaw, for himself and D. B. Bell, filed suit and obtained judgment against Gautier for the sum of $1,280.00 and sustained a writ of sequestration against him. Thereafter in connection with this suit or while same was in progress they filed their third opposition and claimed a privilege upon the property seized in this suit.

"E. J. Rogers filed a third opposition for the sum of $600.00, with interest and attorneys fees and claimed a lien and privilege upon certain property seized under the writ in execution and asked that his lien and privilege be recognized and his mortgage which secured the note be enforced on 3,500 feet of 2-inch line pipe, as per mortgage dated September 24, 1931, and recorded in Vol. 7 page 38 of the Chattel mortgages of Sabine Parish.

"E. L. Brady filed a third opposition in this suit and claimed a lien and privilege as per note dated September 15, 1931, for the sum of $1,500.00 and secured by a chattel mortgage on 2300 feet of 6-inch pipe, which mortgage is recorded in Vol. 7 page 402 of the mortgage records of Sabine Parish.

"Rose S. Fertitta filed a third opposition and asked for judgment in the sum of $780.00, with interest and attorney's fees, with a recognition of his lien and privilege upon certain pipe, tanks and machinery, as set forth in a certain chattel mortgage dated October 20, 1931, which mortgage was recorded in Vol. 7 page 394 of records of Sabine Parish. The mortgage being given to secure a note for amount claimed.

"The judgment creditor, or plaintiff above, denied that the third opponents had any liens upon the property seized and asked that their suit be dismissed. The defendant, Gautier, by his answers makes a general denial. The third persons holding notes secured by mortgages ask that the property seized be sold separate from the other property belonging to the defendant and the proceeds arising from said sale be paid on their claims by preference.

"Upon these issues the case was tried and after several months delay the same has been submitted by all parties and without argument or briefs.

"The judgment of the plaintiff, Merren, was obtained on the 10th day of November, 1931, some time after the notes and mortgages were given by the defendant and secured by mortgages to the third opponents, Rogers, Brady and Fertitta.

"As to the judgment and claim for a lien and privilege by W. W. Shaw and Bell on their amount of $1,280.00, the evidence shows that Gautier hired them to work on the well where the property seized is located. It seems from the evidence of Mr. Bell that the well was a small producer or that it would produce something like 15 barrels of oil per day; that Mr. Gautier hired them to go deeper, or to clean out the well in order that it might be a better producer. After they performed their work, the well was never brought in as a producer and it is not known whether same would ever be a producer after they performed their labor on same. It has been held in several cases by the Second Circuit Court of

Appeal that, in order for an employee to have a lien upon the oil produced as the results of labor, it must be an oil well, therefore, under the evidence, it is clear that the well in question has not proved to be a commercial well and that as to the claim of Shaw and Bell to a lien upon any property seized in this suit, they do not have a lien upon the same and their third opposition herein must be dismissed.

"Oscar A. Gautier executed a note September 24, 1931, payable to future holder six months after date for the sum of $600.00, with 8% per annum from date until paid, together with 10% attorney's fees, and in order to secure the payment of said note, he executed a chattel mortgage of same date, recorded in Vol. 7 page 384 of the chattel mortgages of Sabine Parish, Louisiana, which mortgage covers 3500 feet of 2-inch line pipe located on the NW¼ of Sec. 30, Township 8 North, Range 12 West. The said E. J. Rogers, having acquired said note, bases his opposition herein as owner of said note. Therefore, he should have judgment against Gautier for the amount of said note, interest and attorney's fees and a recognition of his lien and mortgage on the above described property as against all parties and said property should be sold separate from the other property seized herein and the proceeds applied to judgment rendered in this case in favor of said Rogers.

"O. A. Gautier signed and executed a note dated September 15, 1931, for the sum of $1,500.00, payable to E. L. Brady on September 15, 1932, with 8% interest and 10% attorney's fees and in order to secure the payment of said note, he executed a chattel mortgage of said date and recorded in Vol. 7 page 402, of chattel mortgages of Sabine Parish, Louisiana; said mortgage covers 2,300 feet of 6-inch casing located on the NW¼ of Section 30, Township 8, Range 12 West. E. L. Brady files opposition based upon the above note and mortgage.

"There should be judgment in her favor and against the said Gautier for the sum of $1,500.00, with interest and attorney's fees, and recognizing her mortgage on the above described property and same sold separate and apart from the other property to pay and satisfy the judgment herein by preference.

"On October 20, 1931, O. A. Gautier signed and executed his note due six months after date and payable to Rose S. Fertitta for the sum of $780.00, with 8% interest from maturity until paid, together with 10% attorney's fees, and in order to secure the payment of

said note he executed a chattel mortgage which is recorded in Vol. 7 page 394, of the chattel mortgages of Sabine Parish, Louisiana, covering property located in NW¼ of Sec. 30, Township 8, Range 12 in Sabine Parish, to-wit: 3,100 feet of 2½-inch tubing; 2300 feet of 2-inch pipe—2 6x4x6 pumps, 1 steel tank (500 barrels), 1 cypress tank, 1 Standard pumping rig complete, including gas engine, sucker rods, timber, etc. From the evidence, there should be judgment in favor of the said opponent, Fertitta, and against the said Gautier for the sum of $780.00, with 8% interest from maturity until paid, together with 10% attorney's fees, and with recognition of the above on the above property and that said property should be sold separate and apart from the other property. In this suit, and that the judgment herein in favor of Fertitta be paid by preference. As to the last named oppositions, their mortgages certainly outrank the judgment of the said Merren and there should be judgment against him recognizing the mortgages as being a prior lien over his judgment that is being executed in this case.

"For the reasons above set forth and the law and evidence being in favor thereof as to the intervention and third opposition of W. W. Shaw for himself and on behalf of D. B. Bell, and the law and evidence being in favor of the plaintiff, W. N. Merren, and against W. W. Shaw and D. B. Bell, it is therefore, ordered, adjudged and decreed that the third opposition of W. W. Shaw on his own behalf and D. B. Bell be and the same is dismissed.

"The law and evidence being in favor of E. J. Rogers and against Oscar A. Gautier, it is therefore ordered, adjudged and decreed that E. J. Rogers do have and recover judgment in his favor and against the said Oscar A. Gautier for the full sum of $600.00, with 8% per annum from September 24, 1931, on same until paid, together with 10% attorney's fees on said principal and interest, with recognition of his special chattel mortgage of September 24, 1931, as recorded in Vol. 7 page 384, covering the property located in State of Louisiana, Parish of Sabine, and located on NW¼ of Section 30, Township 8 of Range 12, and being 3500 feet of 2-inch line pipe and sustaining his opposition against the said W. N. Merren; and that said property be sold according to law and separate from the sale of any belonging to said Oscar A. Gautier and that the proceeds arising from the sale of said property be applied to the judgment of said Rogers and paid by preference and priority of any other claims against said property.

"The law and evidence being in favor of E. L. Brady and against Oscar A. Gautier, it is therefore ordered, adjudged and decreed that E. L. Brady do have and recover judgment in her favor and against the said Oscar A. Gautier for the full sum of $1,500.00, with 8% per annum interest thereon, with 10% attorney's fees, from September 15, 1931, until paid, with recognition of her special chattel mortgage of September 15, 1931, as recorded in Vol. 7 page 402 of chattel mortgages of Sabine Parish, Louisiana, covering property located in the Parish of Sabine, State of Louisiana, and located on the NW¼ of Section 30, Township 8 of Range 12, and being 2,300 feet of 6-inch casing of pipe and sustaining her opposition against W. N. Merren; and that the said property be sold according to law and separate from any property belonging to Oscar A. Gautier and that the proceeds arising from sale of said property be applied to the judgment of said E. L. Brady, and paid by preference and priority of any other claims against said property.

"The law and the evidence being in favor of Rose S. Fertitta and against the said Oscar A. Gautier, it is therefore ordered, adjudged and decreed that Rose S. Fertitta do have and recover judgment in his favor and against the said Oscar A. Gautier for the full sum of $780.00, with 8% per annum interest thereon from the maturity of the note sued on, with 10% attorney's fees on said amount and interest until paid, with recognition of his special chattel mortgage dated October 20, 1931, as recorded in Vol. 7 page 394 of the chattel mortgages of Sabine Parish, Louisiana, covering property located in the State of Louisiana, Parish of Sabine, and located on the NW¼ of Section 30, Township 8 of Range 12 West, to-wit: 3100 feet of 2½-inch tubing pipe, 2300 feet of 2-inch line pipe, two 6x4x6 pumps, 1 steel tank (500 barrels), 1 cypress tank, 1 Standard pumping rig complete, including gas engine, sucker rods, timbers, etc., and sustaining his opposition against W. N. Merren; and that said property be sold according to law separate from any other property belonging to said Gautier, and that the proceeds arising from the sale of said property be applied and paid on the judgment herein by preference and priority to any other claims against said property.

"It is further ordered that Oscar A. Gautier pay all costs of this suit. Thus done and signed in chambers by consent of all parties at Mansfield, Louisiana, on this 8th day of December, 1932.

"Hal A. Burgess, Judge.

"Order.

"It is hereby ordered that appeals both suspensive and devolutive be and are hereby granted to Oscar A. Gautier. The suspensive appeal bonds are hereby fixed according to law and the devolutive appeal bonds are hereby fixed in the sum of $100.00 each. The said W. W. Shaw and D. B. Bell are hereby granted appeals, both suspensive and devolutive. The suspensive appeal bond is hereby fixed in the sum of $500.00 and the devolutive appeal bond is hereby fixed in the sum of $100.00. Appeals, both suspensive and devolutive, are hereby granted to W. N. Merren as to the third opposition of Rogers, Brady and Fertitta and each of the suspensive appeal bonds are hereby fixed according to law and each of the devolutive appeal bonds are hereby fixed in the sum of $100.00. Said appeals on behalf of all the above parties are hereby made returnable to the Honorable Circuit Court of Appeal, at Shreveport, Louisiana, on the 15th day of January, 1933.

"Thus done and signed by consent of all parties at Mansfield, Louisiana, on this the 8th day of December, 1932, in chambers.

"Hal A. Burgess, Judge."

It is to be noted that this suit was filed prior to the passage of Act No. 161 of 1932.

None of the litigants perfected an appeal under the order signed by the lower court at the time of filing his opinion on December 8, 1932. However, on September 20, 1933, W. W. Shaw, by petition, secured orders of appeal against W. N. Merren and Rose S. Fertitta. He did not pray for service and citation on Oscar A. Gautier, his alleged debtor, and he was not cited nor served.

Counsel for appellant contends that he had secured a judgment against his alleged debtor, Gautier, in a separate suit in which his laborer's lien and privilege had been recognized, and that judgment is res judicata and not subject to be changed in this suit. The judgment is not in the record, and the only knowledge we have of it is the reference made to it in the opinion of the lower court. However, if it was in the record and was res judicata, the lower court in this case has held to the contrary, and held that appellant did not have a laborer's lien and privilege on the property of Gautier which was under seizure at the time; and, for us to grant appellant any relief, we would have to reverse the lower court and render a judgment recognizing his lien and privilege against the property of Gautier, his alleged debtor, who is not a party to this appeal. Gautier would necessarily

have to be made a party to this appeal for us to be able to grant appellant any relief.

The motion to dismiss is well taken, and the appeal taken herein is dismissed at appellant's cost.